UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE A MONTES, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-00679-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Docket No. 8 |

    Plaintiff Brian Whitaker has sued Villa Montes Hotel, L.P. (the "Hotel") and its owners for violations of the federal Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. As in other cases that have been filed by Mr. Whitaker or another individual represented by the same counsel, the main issue is whether Defendants have violated an ADA regulation, 28 C.F.R. § 36.302(e)(1)(ii) which provides in relevant part as follows:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> . . . .
>
> (ii)    [i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. § 36.302(e)(1)(ii).

    Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, and for the reasons stated on the record and as memorialized and supplemented herein, the Court hereby

1 **GRANTS** the motion to dismiss but with leave to amend.

2   As an initial matter, the Court does not take judicial notice of the website information submitted by Mr. Whitaker – information which he argues represents the state of the website when he visited it in January 2021.[1]  First, that website information comes from a URL that does not match the URL provided in the complaint.  Second, the URL does not take a person to the website information provided by Mr. Whitaker but rather to the website information provided by Defendants in their own request for judicial notice.

   In contrast to the above, the Court does take judicial notice of the website information submitted by Defendants.  That website information comes from a URL that matches the URL provided in the complaint.  Furthermore, there is no dispute by Mr. Whitaker that the website information matches what can currently be found on Defendants' website.

   The website information submitted by Defendants contains a significant amount of accessibility information – it is comparable to, if not more than, that provided by other hotels where courts (including this Court) have held, at the 12(b)(6) phase, in favor of the defendant.  *See, e.g.*, *Love v. Ashford San Francisco II LP*, No. C-20-8458 EMC (N.D. Cal.) (Docket No. 24) (order granting defendant's motion to dismiss).  Accordingly, for reasons similar to those articulated in *Love*, the Court grants Defendants' motion to dismiss.  Although Mr. Whitaker has cited one case in support of his position, *Garcia v. Patel & Joshi Hosp. Corp.*, No. EDCV 20-2666 JGB (PVCx), 2021 U.S. Dist. LEXIS 67028 (C.D. Cal. Mar. 19, 2021), that case is distinguishable as the website at issue provided more limited information.

   The Court, however, shall give Mr. Whitaker leave to amend.  Mr. Whitaker has asserted that, several weeks before he filed the complaint, he or someone on his behalf visited the website for the Hotel and saw the website information contained in *his* request for judicial notice.  According to Mr. Whitaker, at some point thereafter, Defendants changed their website to include

---

[1] No foundation for such is laid for the exhibit.  Assuming that a foundation were laid, that would demonstrate why judicial notice would not be proper.  *See* Fed. R. Evid. 201(b) (providing that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

United States District Court
Northern District of California

more information on accessibility. If Mr. Whitaker can plead (and ultimately prove) such in good faith, then he may have a viable claim, whether under federal and/or state law. Although Defendants have argued that there could be no federal claim because the ADA only allows for injunctive relief, and the website currently complies with the ADA and its regulations, the Court does not prejudge any argument of mootness other than to note it will have to assess the likelihood of Defendants returning to a noncompliant website should a mootness issue arise.

Mr. Whitaker has until June 7, 2021, to file an amended complaint.

This order disposes of Docket No. 8.

**IT IS SO ORDERED**.

Dated: May 7, 2021

_____
EDWARD M. CHEN
United States District Judge